43 F.3d 1466
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas J. CURTIS, Jr.; Joan A. Leatherman; Lowell
Leatherman, Plaintiffs-Appellants,
v.
W. Stephen SCOTT, Defendant-Appellee.
 No. 94-1368.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 2, 1994.
Decided Dec. 20, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., District Judge.
 Richard Andrew Davis, Charlottesville, VA, for appellants.
 Neal Lawrence Walters, Gilliam, Scott & Kroner, P.C., ON BRIEF: W. Stephen Scott, Gilliam, Scott & Kroner, P.C., Charlottesville, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, MICHAEL, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The trustee of Thomas J. Curtis, Jr.'s bankruptcy estate seeks to recover Curtis's interest under his father's will as property of the bankruptcy estate. The bankruptcy court held that the will did not create a spendthrift trust for Curtis under Texas law; therefore, Curtis's inheritance became part of his bankruptcy estate. The district court affirmed. Curtis appeals the judgment of the district court, and we affirm.
 
 I.
 
 2
 Curtis is a beneficiary under the will of his father, who died in Texas on September 16, 1989. In October, 1989, an involuntary bankruptcy petition was filed against Curtis. Steven Scott was appointed bankruptcy trustee.
 
 
 3
 Shortly after his father's death, Curtis purportedly assigned his interest under the will to his sister, Joan Leatherman, and her husband, Lowell. In his bankruptcy schedules Curtis did not list his interest in his father's estate as an asset. And, in February, 1990, at a meeting of his bankruptcy creditors, Curtis testified that he did not expect to receive any inheritance in the next six months. He later claimed that he thought the will created a spendthrift trust.
 
 
 4
 Between March, 1990, and December, 1991, the First City Bank of Houston distributed over $97,000 to Curtis under the will. The bank did not honor the purported assignment to the Leathermans, and distributions were made by checks payable to Curtis himself. The Leathermans received proceeds from some of the checks and deposited them in accounts in their names. At Curtis's direction Mrs. Leatherman wrote checks on these accounts for Curtis's benefit. In 1992, the bankruptcy trustee (Scott) discovered that Curtis was a beneficiary under his father's will and sued to recover the amount of the distributions as property of the bankruptcy estate. Curtis argued that his inheritance was not part of the bankruptcy estate because his father's will created a spendthrift trust under Texas law. Both the bankruptcy and district courts rejected Curtis's argument, and he appeals.
 
 II.
 
 5
 A spendthrift trust prevents alienation of the trust property by the beneficiary or by the beneficiary's creditors. Texas law provides for the creation of spendthrift trusts. 3 Tex. Prop.Code Ann. Sec. 112.035 (West 1994). Property held in a spendthrift trust is not part of the beneficiary's bankruptcy estate. 11 U.S.C. Sec. 541(c)(2).
 
 
 6
 As noted, Curtis claims that his interest under the will is a spendthrift trust under Texas law. Whether a will creates a trust depends on the testator's intent. Perfect Union Lodge No. 10, A.F. and A.M., of San Antonio v. Interfirst Bank of San Antonio, N.A., 748 S.W.2d 218, 220 (Tex.1988) ("The cardinal rule for construing a will requires that the testator's intent be ascertained by looking to the provisions of the instrument as a whole."). Normally under Texas law a trust is created when legal title to property is given to one party (the trustee) and equitable title is given to another party (the beneficiary). However, a trust may be created by implication, even if legal title is not given to the trustee, when the intent to create a trust is "clear from the terms of the will, construed in light of the surrounding circumstances." Id.
 
 
 7
 Curtis concedes that the will vests legal title to the estate in its beneficiaries, rather than its executors. Nevertheless, he asserts that two provisions of the will evince an intent to create a trust. First, paragraph 6.1 sets forth spendthrift provisions purporting to restrict a beneficiary's ability to transfer his or her interest under the will:
 
 
 8
 Prior to the actual receipt of such property by any beneficiary, no property (income or principal) distributable under this will shall be subject to anticipation or assignment by any beneficiary, or to attachment by or to the interference or control of any creditor or assignee of any beneficiary, or be taken or reached by any legal or equitable process in satisfaction of any debt or liability of any beneficiary.... Second, paragraph 5.1 grants extensive management powers, including all powers conferred under the Texas Trust Act, to the executors of the estate.
 
 
 9
 The district court found these provisions insufficient to create a trust, and we agree. Other portions of the will show the testator's (Curtis, Sr.'s) desire to reduce the estate to cash and distribute it as quickly as possible. Paragraph 2.3, for example, urges the executors to "reduce [Curtis, Sr.'s] estate to cash or cash equivalents after [his] death and prior to final distribution." Paragraph 4.3 permits the executors to "begin distribution of income or principal from [Curtis, Sr.'s] estate immediately upon [his] death." Therefore, the district court concluded that the intent of the will was primarily distributional and that the broad powers granted to the executors were intended simply to allow them to effectuate this intent.
 
 
 10
 Furthermore, the district court noted that Curtis, Sr. used explicit trust language in paragraph 6.2 to create a special trust in the event a beneficiary became incapacitated. This explicit language is absent from the remainder of the will. The court concluded that the will as a whole did not demonstrate an intent to create a spendthrift trust for Curtis. The court recognized that this construction may limit the scope of the spendthrift provisions of paragraph 6.1 to any trusts explicitly created by paragraph 6.2. However, as the district court concluded, "Whatever the intent of the restrictions in paragraph 6.1, the important point is that this court cannot read that paragraph, either in isolation or in conjunction with the rest of the will, as creating a trust." Therefore, all of Curtis's inheritance became part of his bankruptcy estate as of the day the petition was filed.
 
 III.
 
 11
 The judgment is affirmed on the reasoning of the district court. Curtis v. Scott, Civ. No. 93-041-C (W.D.Va. Mar. 2, 1994).
 
 
 12
 AFFIRMED.